**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION**

**DIANA MEY,**

       **Plaintiff,**

**v.**                                **Civil No.: 5:26-cv-00087-JPB (Bailey)**

**ALLSTATE INSURANCE COMPANY
and CENTERFIELD MEDIA HOLDING
COMPANY,**

       **Defendants.**

**DEFENDANT CENTERFIELD MEDIA HOLDING COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Centerfield Media Holding Company ("Centerfield"), by and through undersigned counsel, answers Plaintiff Diana Mey's Complaint as follows:

**PRELIMINARY STATEMENT**

1.      Mey brings this lawsuit under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. Mey also brings this lawsuit under the West Virginia Consumer Credit and Protection Act, W.Va. Code §§ 46A-6F-101 et seq., a state statute prohibiting abusive, unfair, and deceptive telemarketing practices.

**ANSWER:** Centerfield admits that Plaintiff purports to bring this action under the Telephone Consumer Protection Act ("TCPA") and the West Virginia Consumer Credit and Protection Act, W.Va. Code §§ 46A-6F-101 et seq. but denies the remaining allegations in Paragraph 1, including Plaintiff's characterizations of the TCPA and the West Virginia Consumer Credit and Protection Act.

**PARTIES AND JURISDICTION**

2.      Plaintiff Diana Mey is an individual residing in Wheeling, West Virginia.

**ANSWER:** Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis denies the allegations in Paragraph 2.

3.      Defendant Allstate Insurance Company is an Illinois insurance company with a principal place of business in Northbrook, Illinois. It is registered with the West Virginia Secretary of State to do business in West Virginia.

**ANSWER:** Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis denies the allegations in Paragraph 3.

4.      Defendant Centerfield Media Holding Company, d/b/a Centerfield Insurance Services (formerly Datalot), is a Delaware corporation with a principal place of business in California. It is registered with the West Virginia Secretary of State to do business in West Virginia.

**ANSWER:** Centerfield admits that it is a Delaware corporation with its principal place of business in California and that it is registered to do business in West Virginia. Centerfield admits that its parent corporation acquired Datalot in 2021. Except as specifically admitted, Centerfield denies the remaining allegations in Paragraph 4.

5.      Defendants conduct business throughout this district and the United States. At all relevant times, Defendants conducted business in West Virginia, solicited business in West Virginia from West Virgina [sic] consumers, and/or derived substantial revenue from products and services sold in West Virginia.

**ANSWER:** Centerfield admits that it conducts business in West Virginia and throughout the United States, but Paragraph 5 otherwise consists of legal conclusions to which no response is

2

required. To the extent a response is required, Centerfield denies the remaining allegations in Paragraph 5 regarding Centerfield. Centerfield lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 5 regarding Defendant Allstate Insurance Company ("Allstate") and, on that basis, denies the allegations in Paragraph 5 with respect to Allstate.

6. Because several of Mey's claims arise under federal law, this Court has subject-matter jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 as to the remaining state law claims.

**ANSWER:** Paragraph 6 consists of legal conclusions to which no response is required. To the extent a response is required, Centerfield admits that this Court has federal question jurisdiction over claims under federal law and otherwise denies the allegations in Paragraph 6.

7. Because a substantial part of the events or omissions giving rise to Mey's claims occurred in this district, venue is proper under 28 U.S.C. § 1391(b)(2). In particular, the telemarketing calls to Mey were received in this district.

**ANSWER:** Paragraph 7 consists of legal conclusions to which no response is required. To the extent a response is required, Centerfield lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 7 regarding where Plaintiff received the alleged telephone calls and, on that basis, denies those allegations in Paragraph 7.

## OPERATIVE FACTS

8. Allstate and its agents engage in widespread unsolicited telemarketing to promote the sale of Allstate insurance products to consumers throughout the United States, including in West Virginia.

**ANSWER:** Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, denies the allegations in Paragraph 8.

9.      Centerfield is a digital marketing and sales company that generates customer leads for major brands, including Allstate. Centerfield owns and manages various online properties, including Autoinsurance.com, Centerfield.com, and Datalot.com. Datalot.com represents that "We acquire new customers for leading auto, home, life, health, Medicare, and commercial insurance companies at scale." Centerfield.com similarly represents that it provides "in-market qualified consumers to leading auto, home, life, health, Medicare, and commercial insurance companies and agents at scale."

**ANSWER:** Centerfield admits that, among other services, it and its affiliates generate customer leads for various companies, including Allstate, and that it and its affiliates own Autoinsurance.com, Centerfield.com, and Datalot.com. Centerfield admits that Paragraph 9 purports to provide excerpts from Datalot.com and Centerfield.com but denies that either excerpt is a complete or accurate reflection of Datalot.com or Centerfield.com. Except as specifically admitted, Centerfield denies the remaining allegations in Paragraph 9.

10.     Upon information and belief, Centerfield is an Allstate-approved lead generator vendor used by Allstate agents to procure customer leads.

**ANSWER:** Centerfield admits that, among other services, it and its affiliates generate customer leads for various companies, including Allstate agents. Except as specifically admitted, Centerfield denies the remaining allegations in Paragraph 10.

11.     Mey's wireless residential telephone number, 304-381-XXXX, has been listed on the National Do Not Call Registry continuously for at least the 30 days prior to the date of each of

4

the unsolicited calls at issue in this matter. Mey uses this telephone line for purely residential purposes.

**ANSWER:** Paragraph 11 consists of legal conclusions to which no response is required. To the extent a response is required, Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 regarding Plaintiff's purported wireless residential telephone number and on that basis denies the allegations in Paragraph 11.

12. Mey's number is assigned to a Voice over Internet Protocol (VoIP) telephone service which allows for voice calls to be placed over a broadband Internet connection.

**ANSWER:** Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, denies the allegations in Paragraph 12.

13. Mey is charged by the VoIP telephone service provider VOIP.MS for each call or text received. VOIP.MS also charges Mey a per-minute charge of $0.009 per minute for each minute of talk time, including voicemail time, for each call placed to her number.

**ANSWER:** Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies the allegations in Paragraph 13.

14. Mey has never provided Allstate, Centerfield, or its agents prior express written consent to call her number, nor does she have an established business relationship with them.

**ANSWER:** Paragraph 14 consists of legal conclusions to which no response is required. To the extent a response is required, Centerfield denies the allegations regarding Centerfield. Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Allstate in Paragraph 14 and on that basis denies those allegations.

5

15.    While Mey has received well in excess of 120 unsolicited telemarketing calls from or on behalf of Allstate to her number since November 2025, the following calls evidence Allstate's unlawful conduct:

a.    On November 24, 2025 at 11:30 a.m., Mey received a telemarketing call from spoofed number 223-241-0626. A prerecorded message played from "Heather," noting a 35% reduction in auto insurance rates and offering to provide auto insurance quotes. That message, sent to Mey's voicemail, was delivered in a robotic or automated voice.

b.    On November 25, 2025 at 11:02 a.m., Mey received a telemarketing call from spoofed number 304-965-6147. A prerecorded message played from "Elsa," noting a 35% reduction in auto insurance rates and offering to provide auto insurance quotes. The message, sent to Mey's voicemail, was delivered in a robotic or automated voice and was nearly identical to the message that played during the prior day's call.

c.    On November 25, 2025 at 5:50 p.m., Mey received a telemarketing call from spoofed number 304-965-6147. A prerecorded message played from "Emily," noting a 35% reduction in auto insurance rates and offering to provide auto insurance quotes. The message, sent to Mey's voicemail, was delivered in a robotic or automated voice and was nearly identical to the message that played during the prior calls.

d.    On November 26, 2025 at 1:30 p.m., Mey received a call from spoofed number 304-765-5510. A prerecorded message played from "Emily," noting a 35% reduction in auto insurance rates and offering to provide auto

insurance quotes. The message was delivered in a robotic or automated voice and was nearly identical to the message that played during the prior calls. After the prerecorded message played, Mey was transferred to a live foreign-accented male "Mark from US Auto Care" who noted a 35% reduction in auto insurance rates.

e.   On December 4, 2025 at 11:44 a.m., Mey received a call from spoofed number 304-873-1055. Upon answering, a message identical to the prerecorded message on the previous call from "Emily" played. At the conclusion of the prerecorded message, the call was transferred to a live male agent, "Mark Cohen with US Auto Insurance." Prior to transferring the call, Cohen coached Mey on what she should say when he transferred the call to "my licensed agent." The call was then transferred to "Raven" with "AutoInsurance.com," a website which is owned and operated by Centerfield. Raven proceeded to ask a series of prequalification questions. Following that, Raven transferred Mey to "Garrett with Allstate," who again asked Mey a series of auto-insurance-related questions. Before concluding the call, the agent confirmed his name: Garrett Blair, who is a licensed agent appointed to sell Allstate insurance products.

**ANSWER:** With respect to Paragraph 15, Section (e), Centerfield admits that its affiliate owns and operates "Autoinsurance.com" and that on December 4, 2025, Centerfield received via transfer an inbound call involving the number 304-381-XXXX on a campaign that was limited to consumer-initiated, inbound calls which was answered and subsequently transferred to Allstate. However, Centerfield denies that any calls were placed to Plaintiff by Centerfield or its affiliates.

7

The remainder of Paragraph 15 consists of legal conclusions to which no response is required. To the extent a response is required, Centerfield denies the remaining allegations regarding Centerfield. Centerfield further responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding calls received by the Plaintiff and on that basis denies those allegations.  Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 regarding Allstate and on that basis denies those allegations.

16.    From December 5, 2025 through March 2026, Mey received numerous additional calls from numbers with similarly-spoofed West Virginia (304) area codes. Many of these calls delivered prerecorded messages that were substantially similar to those previously received. Many were directed to Mey's voicemail inbox, while some she answered.

**ANSWER:** Centerfield denies that it or its affiliates placed any telephone calls to Plaintiff. Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and on that basis denies the remaining allegations in Paragraph 16.

17.    Prior to receiving these telephone calls from or on behalf of Allstate, Mey never provided prior express written consent to be called by or on behalf of Allstate, Centerfield, or their respective agents.

**ANSWER:** Paragraph 17 consists of legal conclusions to which no response is required. To the extent a response is required, Centerfield denies that it placed any telephone calls to Plaintiff and therefore denies the allegations in Paragraph 17 as they pertain to Centerfield. Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 17 regarding Allstate and on that basis denies the remaining allegations in Paragraph 17.

18.    In many instances, Allstate, acting directly or through one or more intermediaries such as Centerfield, "spoofed" their calls by transmitting phony caller identification information so that call recipients do not know the true source of the calls.

**ANSWER:** Centerfield denies the allegations in Paragraph 18 regarding Centerfield. Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 regarding Allstate and on that basis denies the remaining allegations.

19.    In many instances, Allstate, acting directly or through one or more intermediaries such as Centerfield, failed to disclose truthfully, promptly and in a clear and conspicuous manner to the person receiving the call (a) the identity of the seller, (b) that the purpose of the call was to sell goods or services, or (c) the nature of the goods or services.

**ANSWER:** Paragraph 19 consists of legal conclusions to which no response is required. To the extent a response is required, Centerfield denies the allegations regarding Centerfield. Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and on that basis denies the remaining allegations.

20.    Mey was harmed by the calls as she was temporarily deprived of the legitimate use of her telephone, her privacy was improperly invaded, and they were frustrating, annoying, and disturbing. Mey was billed for these calls by her service provider, VOIP.MS.

**ANSWER:** Paragraph 20 consists of legal conclusions to which no response is required. To the extent a response is required, Centerfield denies such allegations. To the extent the allegations in Paragraph 20 relate to Ms. Mey's alleged feelings or reactions, Centerfield lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies the allegations in Paragraph 20.

21.     Upon information and belief, the acts complained of herein were either the direct acts of Defendants or the acts of agents and/or subagents authorized to act on Defendants' behalf.

**ANSWER:** Paragraph 21 consists of legal conclusions to which no response is required. To the extent a response is required, Centerfield denies the allegations in Paragraph 21.

**COUNT I**

**Violations of the TCPA, 47 U.S.C. § 227(b)**

22.     Mey incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER:** Centerfield hereby incorporates by reference all prior responses as if set forth fully herein.

23.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii) and (b)(1)(B).

**ANSWER:** Paragraph 23 consists of legal conclusions, to which no response is required. To the extent a response is required, Centerfield admits that Plaintiff purports to provide an excerpt of the TCPA but denies that Plaintiff's excerpt is a complete or accurate recitation of law and therefore denies Paragraph 23 except as expressly admitted.

24.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

**ANSWER:** Paragraph 24 consists of legal conclusions, to which no response is required. To the extent a response is required, Centerfield admits that Plaintiff purports to provide an excerpt of the TCPA but denies that Plaintiff's excerpt is a complete or accurate recitation of law and therefore denies Paragraph 24 except as expressly admitted.

25.     Under the TCPA, a person or entity can be liable for calls made on its behalf, even if the person or entity does not directly place the calls. 47 U.S.C. § 227(c)(5).

**ANSWER:** Paragraph 25 consists of legal conclusions to which no response is required. To the extent a response is required, Centerfield denies the allegations in Paragraph 25.

26.     As explained by the FCC, the agency charged with interpreting and enforcing the TCPA, the applicable rules "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Red. 12391, 12397 ¶ 13 (1995).

**ANSWER:** Paragraph 26 consists of legal conclusions, to which no response is required. To the extent a response is required, Centerfield admits that Plaintiff purports to provide an excerpt of the FCC's Rules and Regulations Implementing the TCPA but denies that Plaintiff's excerpt is a complete or accurate excerpt and therefore denies Paragraph 26 except as expressly admitted.

27.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to Mey's telephone number using prerecorded messages.

**ANSWER:** Paragraph 27 consists of legal conclusions to which no response is required. To the extent a response is required, Centerfield denies the allegations in Paragraph 27 regarding

11

Centerfield and specifically denies that it placed any telephone calls to Plaintiff using prerecorded messages or otherwise, or that it violated the TCPA.  Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 regarding Allstate and on that basis denies those allegations in Paragraph 27.

28.     Defendants' actions, or those of agents operating on their behalf, were done willfully or knowingly.

**ANSWER:** Paragraph 28 consists of legal conclusions to which no response is required. To the extent a response is required, Centerfield denies the allegations in Paragraph 28 regarding Centerfield.  Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 regarding Allstate and on that basis denies those allegations in Paragraph 28.

**COUNT II**

**Violations of the TCPA, 47 U.S.C. § 227(c)**

29.     Mey incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER:** Centerfield hereby incorporates by reference all prior responses as if set forth fully herein.

30.     Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf made telemarketing calls to Mey's residential telephone, which was listed on do-not-call registry, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** Paragraph 30 consists of legal conclusions, to which no response is required. To the extent a response is required, Centerfield denies the allegations in Paragraph 30 regarding Centerfield and specifically denies that it made any telemarketing calls to Plaintiff's telephone

12

number.  Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, including those regarding Allstate, and on that basis denies those allegations in Paragraph 30.

31.     Mey received more than one telephone call within a 12-month period by or on behalf of Allstate in violation of the TCPA.

**ANSWER:** Paragraph 31 consists of legal conclusions, to which no response is required. To the extent a response is required, Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis denies the allegations in Paragraph 31.

32.     Defendants' actions, or those of agents operating on their behalf, were done willfully or knowingly.

**ANSWER:** Paragraph 32 consists of legal conclusions to which no response is required. To the extent a response is required, Centerfield denies the allegations in Paragraph 32 regarding Centerfield.  Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 regarding Allstate and on that basis denies those allegations in Paragraph 32.

**COUNT III**

**Violations of the WVCCPA, W. Va. Code §§ 46A-6F-101 et seq.**

33.     Mey incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER:** Centerfield hereby incorporates by reference all prior responses as if set forth fully herein.

13

34.     Defendants and/or their agents committed abusive acts or practices as defined by W. Va. Code § 46A-6F-601(a)(2) because they engaged Mey repeatedly or continuously with behavior a reasonable person would deem to be annoying, abusive, or harassing.

**ANSWER:** Paragraph 34 consists of legal conclusions to which no response is required. To the extent a response is required, Centerfield denies the allegations in Paragraph 34 regarding Centerfield.  Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 regarding Allstate and on that basis denies those allegations in Paragraph 34.

35.     Defendants and/or their agents committed abusive acts or practices as defined by W. Va. Code § 46A-6F-601(a)(3) because they initiated outbound calls to Mey after she had indicated that she did not want to receive such calls.

**ANSWER:** Paragraph 35 consists of legal conclusions to which no response is required. To the extent a response is required, Centerfield denies the allegations in Paragraph 35 regarding Centerfield.  Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 regarding Allstate and on that basis denies those allegations in Paragraph 35.

36.     Defendants and/or their agents knowingly engaged in the transmission of misleading or inaccurate caller identification information, including, but not limited to, circumventing caller identification technology that allows consumers to identify from what phone number or organization the call has originated from, or to otherwise misrepresent the origin and nature of the solicitation. *See* W. Va. Code § 46A-6F-501(9).

**ANSWER:** Paragraph 36 consists of legal conclusions to which no response is required. To the extent a response is required, Centerfield denies the allegations in Paragraph 36 regarding

14

Centerfield.  Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 regarding Allstate and on that basis denies those allegations in Paragraph 36.

37.    Defendants' actions, or those of agents operating on their behalf, were done willfully or knowingly.

**ANSWER:** Paragraph 37 consists of legal conclusions to which no response is required. To the extent a response is required, Centerfield denies the allegations in Paragraph 37 regarding Centerfield.  Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 regarding Allstate and on that basis denies those allegations in Paragraph 37.

38.    Accordingly, Mey is entitled to relief from Defendants as prescribed under W. Va. Code §§ 46A-6F-502 and 701, including actual damages and statutory penalties. Mey is likewise entitled to reasonable attorney's fees under W. Va. Code § 46A-5-104.

**ANSWER:** Paragraph 38 consists of legal conclusions to which no response is required. To the extent a response is required, Centerfield denies the allegations in Paragraph 38 regarding Centerfield.  Centerfield lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 regarding Allstate and on that basis denies those allegations in Paragraph 38.

## **AFFIRMATIVE DEFENSES**

Centerfield asserts the following affirmative and other additional defenses to Plaintiff's Complaint. By asserting the defenses herein, Centerfield does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these defenses, and does not assume the burden of proof or persuasion with respect to any matter as to which Plaintiff has the burden of

15

proof or persuasion. Centerfield also reserves the right to supplement or amend these defenses as discovery proceeds, and does not knowingly or intentionally waive any applicable affirmative defense.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The claims of Plaintiff are barred, in whole or in part, as neither the Complaint nor any claim for relief asserted therein states facts sufficient to constitute a claim for relief against Centerfield.

## SECOND AFFIRMATIVE DEFENSE
### (Actions of a Third Party)

Plaintiff's claims are barred, in whole or in part, because Plaintiff seeks to hold Centerfield liable for the actions of a third party.

## THIRD AFFIRMATIVE DEFENSE
### (Established Business Relationship)

Plaintiff's claims are barred, in whole or in part, because Plaintiff had an established business relationship with Centerfield.

## FOURTH AFFIRMATIVE DEFENSE
### (Fraud)

Plaintiff's claims are barred, in whole or in part, by the doctrine of fraud.

## FIFTH AFFIRMATIVE DEFENSE
### (No Constitutional Standing)

Plaintiff lacks Constitutional standing to sue Centerfield.

## SIXTH AFFIRMATIVE DEFENSE
### (No Prudential Standing)

Plaintiff lacks prudential standing to sue Centerfield.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Direct Liability — Centerfield Did Not Place the Calls at Issue)

Plaintiff's claims against Centerfield are barred because Centerfield did not place any telephone calls to Plaintiff. Centerfield did not initiate, direct, or authorize any of the calls complained of in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Agency Relationship)

Plaintiff's claims against Centerfield are barred because Centerfield did not act as an agent of any other defendant or entity in connection with the calls complained of in the Complaint. Further, no agency or principal-agent relationship existed that would give rise to vicarious liability, and Centerfield is not responsible for the conduct of a third-party that may have called Plaintiff because there was no actual authority, apparent authority, or ratification for any of the conduct alleged to be at issue in the Complaint.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE
### (Unconstitutionality)

Plaintiff's claims under the TCPA are unconstitutional.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Consent)**

Plaintiff's claims are barred to the extent Plaintiff has expressly or impliedly consented to and approved all of the acts and omissions about which she now complains. Accordingly, Plaintiff is barred from pursuing the claims alleged in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

Plaintiff's claims are barred by the doctrine of good faith.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(No Proximate Cause)**

Plaintiff is not entitled to any relief because Centerfield's conduct did not proximately cause any damages, injury, or loss to Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Unjust Enrichment)**

Centerfield is informed and believes, and on that basis alleges, that granting Plaintiff's demand would result in unjust enrichment, as Plaintiff would receive more money than Plaintiff is entitled to receive.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(No Due Process and Excessive Fines)**

The damages Plaintiff seeks against Centerfield violate the Due Process Clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Protected Speech)**

Plaintiff's claims against Centerfield are barred because the conduct about which she complains constitutes commercial speech protected by the First Amendment to the United States

18

Constitution and the imposition of liability on Centerfield for such conduct would violate its First Amendment rights.

### NINETEENTH AFFIRMATIVE DEFENSE
#### (No Willful or Knowing Misconduct)

Plaintiff's claims are barred because Centerfield did not engage in willful and/or knowing misconduct.

### TWENTIETH AFFIRMATIVE DEFENSE
#### (Compliance with Applicable Statutes)

Centerfield has complied with all applicable statutes and regulations, thus barring any and all of Plaintiff's claims.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
#### (Intervening and Superseding Causes)

Plaintiff's claims are barred, in whole or in part, because any alleged damages were not caused by Centerfield, but instead by intervening and superseding causes or circumstances.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
#### (Doctrine of Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
#### (Doctrine of Release)

Plaintiff's claims are barred, in whole or in part, by the doctrine of release.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
#### (Barratry, Champerty, and Maintenance)

Plaintiff's claims are barred, in whole or in part, by the related doctrines of barratry, champerty, and maintenance.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (No Negligence)

Plaintiff's claims are barred, in whole or in part, because Centerfield did not negligently violate the TCPA, the West Virginia Consumer Credit and Protection Act, or any of their regulations.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

If Plaintiff is seeking actual damages, Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her damages, if any.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Outside the Scope)

Plaintiff's claims are barred because they are premised on activity that is outside the scope of what the TCPA and the West Virginia Consumer Credit and Protection Act were intended to address.

## RESERVATION OF RIGHTS

Centerfield reserves the right to plead any additional affirmative defenses that become available or known as this action proceeds, including, but not limited to, those defenses that become known to Centerfield through discovery. Centerfield reserves the right to amend its Answer to add such additional defenses or to delete any affirmative defenses that it determines are not applicable, as well as any counterclaims and third-party claims, based on information revealed during the discovery process.

20

WHEREFORE, Defendant Centerfield respectfully requests that this Court enter judgment in its favor and against Plaintiff, and:

a.    That Plaintiff takes nothing by way of her Complaint and judgment be entered in favor of Centerfield and against Plaintiff;

b.    That the Court dismiss the Complaint with prejudice;

c.    That Centerfield be awarded its costs and attorneys' fees incurred in defending this action; and

d.    That the Court order such other and further relief as it deems just and proper.

Dated: June 22, 2026                                    FAEGRE DRINKER BIDDLE & REATH LLP


                                                       s/ *Michael W. Stark*
                                                       Michael W. Stark
                                                       1500 K St NW, Suite 1100
                                                       Washington, D.C. 20005
                                                       Telephone: (202) 230-5000
                                                       Facsimile: (202) 842-8465
                                                       Email: michael.stark@faegredrinker.com

                                                       *Counsel for Defendant Centerfield Media*
                                                       *Holding Company*

21

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, I served the foregoing DEFENDANT CENTERFIELD MEDIA HOLDING COMPANY'S ANSWER TO COMPLAINT upon all counsel of record via the Court's CM/ECF electronic filing system, which will send notification of such filing to:

Ryan M. Donovan (WVSB #11660)
Andrew C. Robey (WVSB #12806)
Hissam Forman Donovan Ritchie PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056

s/ *Michael W. Stark*
Michael W. Stark
1500 K St NW, Suite 1100
Washington, D.C. 20005
Telephone: (202) 230-5000
Facsimile: (202) 842-8465
Email: michael.stark@faegredrinker.com

*Counsel for Defendant Centerfield Media Holding Company*

22